NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RECEIVED
AUG 20 2012
AT 8:30_____M
WILLIAM T. WALSH, CLERK

Christopher ALLEN,

    Plaintiff,

v.

STATE OF NEW JERSEY, et al.,

    Defendants.

Civ. No. 12-3741

MEMORANDUM ORDER

THOMPSON, U.S.D.J.

    This matter is before the Court on Defendants State of New Jersey, Governor Christopher Christie, Yvonne Segars, Michael Buncher, Patrick Reilly, Linda Butler and Iris Figueroa's motion to dismiss [docket # 14]. To date no opposition to the motion to dismiss has been filed. The Court has decided this motion after considering the Defendants' unopposed submissions and without holding oral argument pursuant to Fed. R. Civ. P. 78(b). For the reasons set forth below, the Defendants' motion will be granted.

    **I.**    **Background**

    This action seemingly arises from harassment and retaliation allegedly experienced by Plaintiff in the course of his employment at the State of New Jersey Mental Health Office. On March 27, 2012, Plaintiff filed the instant Complaint [1] in the United States District Court for the Eastern District of Pennsylvania, alleging that the actions of his employer violated his civil rights purportedly pursuant to 42 U.S.C. §§ 1983 and 1985. *See generally* (Compl.).

    Defendants initially filed a Motion to Dismiss based upon, *inter alia*, lack of jurisdiction and *forum non conveniens*. [4]. The Eastern District of Pennsylvania Court granted Defendants' Motion and transferred the matter to the United States District Court for the District of New

1

Jersey. [10]. Defendants now file a Motion to Dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12 (b)(6), arguing: (1) that Plaintiff's claims are barred by the doctrine of sovereign immunity; and (2) that the individual Defendants are not "persons" who may be held liable under 42 U.S.C. § 1983 or § 1985. *See* (Defs.' Br. at 1).

## II. Legal Standard

On a motion to dismiss for failure to state a claim, a "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a Rule 12(b)(6) motion, a district court should conduct a three-part analysis. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 56 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009). But, the court should disregard any conclusory allegations proffered in the complaint. *Id.* Finally, once the well-pleaded facts have been identified and the conclusory allegations ignored, a court must next determine whether the "facts are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). This requires more than a mere allegation of an entitlement to relief. *Id.* "A complaint has to 'show' such an entitlement with its facts." *Id.* A claim is only plausible if the facts pleaded allow a court reasonably to infer that the defendant is liable for the misconduct alleged. *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). Facts suggesting the "mere possibility of misconduct" fail to show that the plaintiff is entitled to relief. *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679).

### III. Discussion

Defendants argue that Plaintiff's Complaint must be dismissed as Plaintiff's claims are barred by the doctrine of sovereign immunity and the individual Defendants are not "persons" who may be held liable under 42 U.S.C. § 1983 or § 1985. The Court agrees.

Section 1983 prohibits the "deprivation of any rights, privileges or immunities secured by the Constitution." 42 U.S.C. § 1983. Similarly, Section 1985 prohibits conspiracies between two or more persons to deprive a person or class of persons of the equal protection of the laws. *See* 42 U.S.C. § 1985. However, Sections 1983 and 1985 provide a cause of action only against "persons," whose definition does not encompass the State, its agencies, or its state officers, when acting in an official capacity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Rode v. Dellarciprete*, 617 F. Supp. 721, 723 n.2 (M.D. Pa. 1985), *vacated in part on other grounds*, 845 F.2d 1195 (3d Cir. 1988) (noting that "persons" in § 1983 and "persons" in §1985 have the same meaning). Moreover, the State of New Jersey has not waived its sovereign immunity with respect to § 1983 claims in federal court. *See Ritchie v. Cahall*, 386 F. Supp. 1207, 1209–10 (D.N.J. 1974) (holding that State of New Jersey did not waive its sovereign immunity for purposes of lawsuits filed in federal court when it enacted the Tort Claims Act). Consequently, Plaintiff's claims against the State of New Jersey must be dismissed.

Likewise, any suit against the individual defendants in their official capacity also must be dismissed. *See Mich. Dep't of State Police*, 491 U.S. at 71. Because "two or more persons" must conspire to be liable under § 1985, and because states and state officials sued in their official capacities are not "persons" and cannot be liable under § 1983, they cannot be liable under § 1985 either. *See New Jersey Sand Hill Band of Lenape & Cherokee Indians v. Corzine*,

3

No. 09-683, 2010 U.S. Dist. LEXIS 66605, *26 (D.N.J. June 30, 2010) (quoting *Santiago v. N.Y. State Dep't of Corr. Servs.*, 725 F. Supp. 780, 783 (S.D.N.Y. 1983)).

Nor can this suit be sustained against the individual Defendants in their individual capacities. In summary fashion, the Complaint alleges that individual Defendants engaged in discriminatory activities, however, Plaintiff fails to allege sufficient facts within this recitation that would allow a court reasonably to infer that the individual Defendants are liable for the misconduct alleged, *see Fowler*, 578 F.3d at 210. Consequently, the Court will grant the pending motion.

### IV. Conclusion

For the reasons stated above, it is on this 13th day of August, 2012,

ORDERED that that the Motion to Dismiss [docket # 14] is hereby GRANTED; and it is further

ORDERED that Plaintiff's claims against the Defendants are hereby DISMISSED; and it is finally

ORDERED that this case is CLOSED.

ANNE E. THOMPSON, U.S.D.J.